UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BARRY SCOTT BLAND,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. CV19-5482 BHS

(17-cr-05385-BHS-1)

ORDER GRANTING PETITIONER'S UNOPPOSED MOTION TO VACATE CONVICTION AND SENTENCE

This matter comes before the Court on Petitioner Barry Scott Bland's ("Bland") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Dkt. 1.

On May 31, 2019, Bland filed a motion to vacate his 2018 conviction for Felon in Possession of Ammunition in violation of 18 U.S.C. § 922(g)(1). Dkt. 1. Bland argued that his § 922(g) conviction was unlawful because he did not have a qualifying predicate felony offense under the reasoning of *United States v. Valencia-Mendoza*, 912 F.3d 1215 (9th Cir. 2019) ("*Valencia-Mendoza*") because his mandatory state guideline range for any predicate offense was a sentence of less than one year. *Id.*

While Bland's motion was pending, the Ninth Circuit took up the issue in *United States v. McAdory*, C.A. No. 18-30112 ("*McAdory*"). This Court stayed Bland's motion pending the outcome of *McAdory*. Dkt. 4. The Circuit issued the *McAdory* opinion on August 28, 2019. *United States v. McAdory*, 935 F.3d 838 (9th Cir. 2019). In relevant part, the panel concluded that it was bound by *Valencia-Mendoza's* holding that an

offense is not punishable by more than one year if the defendant is not actually exposed to a sentence exceeding one year under Washington's mandatory sentencing scheme. *Id.* Therefore, the panel vacated the defendant's § 922(g) conviction for lack of a predicate felony. *Id.*

On September 23, 2019, the Court held a status conference where the Government argued that Bland's motion should be further stayed while the Solicitor General decided whether to pursue en banc review in *McAdory*. Dkt. 6. On November 19, 2019, the Government filed a surreply stating that the Solicitor General had decided not to seek en banc review. Dkt. 9. The Government also conceded in its surreply that "*McAdory* controls the outcome of Bland's timely § 2255 motion . . . ." *Id.*

Because Bland lacks a qualifying predicate offense under *Valencia-Mendoza* and *McAdory*, his conviction for violation of § 922(g)(1) is unlawful. Therefore, his motion for relief pursuant to 28 U.S.C. § 2255 is **GRANTED**, his judgment of conviction in *United States v. Bland*, No. 17-cr-5385 BHS is **VACATED**, and the one-count indictment in that case is **DISMISSED**. The Probation Office shall release Bland from any supervision obligations forthwith. Regarding the instant matter, the Clerk shall enter a judgment in Bland's favor and close this case.

**IT IS SO ORDERED.**

Dated this 2nd day of December, 2019.

_____
BENJAMIN H. SETTLE
United States District Judge